IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DENNIS OTENG,

                CASE NO. 2:16-CV-1181
   Petitioner,       JUDGE JAMES L. GRAHAM
                Chief Magistrate Judge Elizabeth P. Deavers

   v.

WARDEN, ROSS
CORRECTIONAL INSTITUTION,

   Respondent.

## OPINION AND ORDER

On June 12, 2018, the Magistrate Judge issued a *Report and Recommendation* recommending that the *Petition* for a writ of habeas corpus be dismissed. (ECF No. 18.) Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. (ECF No. 25.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 25) is **OVERRULED**. The *Report and Recommendation* (ECF No. 18) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**. Petitioner's request for an evidentiary hearing is **DENIED**.

The Court **DECLINES** to issue a certificate of appealability.

Petitioner challenges his May 2014 murder conviction after a jury trial in the Franklin County Court of Common Pleas. He asserts that he was denied a fair trial because the trial court failed to provide a qualified interpreter to translate recorded telephone conversations between Petitioner and a prosecution witness (claim one); that he was denied his right to the presumption of innocence and due process by the admission of evidence regarding execution of search warrants (claim two); that he was denied a fair trial due to prosecutorial misconduct based on the

use of leading questions (claim three); and that he was denied the effective assistance of trial counsel (claim four). The Magistrate Judge recommended dismissal of these claims as waived or without merit. Petitioner objects to the Magistrate Judge's recommendations.

Petitioner argues that he has properly preserved habeas corpus claim two for review in these proceedings, despite the state appellate court's review of that claim for plain error only. He contends that he fairly presented habeas corpus claim one to the state courts as a federal claim, in view of his reference to the Fifth Amendment and *United States v. Hsieh Hui Mei Chen*, 754 F.2d 817 (9th Cir. 1985). Petitioner also generally objects to the Magistrate Judge's recommendation of dismissal of habeas corpus claim three on the merits, although he does not indicate the basis for this objection. He complains that his attorney had been charged with numerous sex offenses and provided a constitutionally inadequate defense. Petitioner requests an evidentiary hearing and a certificate of appealability.

Petitioner's objections are not well-taken. Petitioner procedurally defaulted claim two because he failed to object at trial, and the state appellate court reviewed the claim for plain error only. The Sixth Circuit has repeatedly enforced this type of a procedural default. *See Wade v. Timmerman-Cooper*, 785 F.3d 1059, 1076 (6th Cir. 2015) (citing *Lundgren v. Mitchell*, 440 F.3d 754, 765 (6th Cir. 2006); *Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000)); *see also Conley v. Warden Chillicothe Correctional Inst.*, 505 F. App'x 501, 506 (6th Cir. 2012) ("Our decision in *Lundgren* [holding that "a state court's plain error analysis does not save a petitioner from procedural default"] followed a long line of controlling precedent in this regard."). Further, Petitioner has failed to establish cause and prejudice. His reference to a statement in a footnote in *Engle v. Isaac*, 456 U.S. 107, 135 n.44 (1982), does not assist him. The Supreme Court

therein rejected the argument that it should "replace or supplement the cause-and-prejudice standard with a plain-error inquiry" noting:

> If Ohio had exercised its discretion to consider respondents' claim, then their initial default would no longer block federal review. *See Mullaney v. Wilbur*, *supra*, 421 U.S., at 688, n. 7, 95 S.Ct., at 1884, n. 7; *Ulster County Court v. Allen*, 442 U.S. 140, 147-154, 99 S.Ct. 2213, 2219-2223, 60 L.Ed.2d 777 (1979). Our opinions, however, make clear that the States have the primary responsibility to interpret and apply their plain-error rules. Certainly we should not rely upon a state plain-error rule when the State has refused to apply that rule to the very sort of claim at issue.

*Id.* Such are not the circumstances here.

Additionally, in claim two, Petitioner asserts that he was denied his right to the presumption of innocence and due process because the trial court failed to have an interpreter translate portions of his phone conversation with Alexis Wellington. The record, however, does not indicate that he presented this same federal issue to the state appellate court. This Court is not persuaded that Petitioner's passing reference to the Due Process Clause, United States Constitution, or Fifth Amendment, assists him.[1] Moreover, Petitioner referenced the federal case of *Chen*, 754 F.2d at 824, as an apparent example of how the trial court could have instructed the jury that they should consider as evidence the actual recordings, rather than Wellington's translation of them. *Defendant-Appellant Dennis Oteng's Brief* (ECF No. 10-1, PAGEID # 130.) However, nothing in *Chen* stands for the proposition that a criminal defendant may be denied a fair trial or the right to be presumed innocent when a trial court does not provide an interpreter to translate an item of evidence admitted against him at trial. Instead, *Chen* dealt with the defendant's claim that inaccuracies in certain transcripts of tape recordings prohibited their use at trial. *Id*. at 824. The Ninth Circuit rejected that argument, noting:

---

[1] Petitioner argued that the trial court's failure to provide an interpreter meant that he "had to decide whether to waive his Fifth Amendment right to remain silent" and that "[t]he simpler solution should have been for the trial court to have taken steps to ensure the accuracy of what was said[.]" *Defendant-Appellant Dennis Oteng's Brief* (ECF No. 10-1, PAGEID # 130.)

3

> In fact, the district court took several steps to ensure the accuracy of the transcripts. First, the court reviewed the tapes and transcripts before trial. Second, the court allowed defense counsel to highlight alleged inaccuracies and to introduce alternative versions of the transcripts. *Third, the court repeatedly instructed the jury that the tapes, rather than the transcripts, were evidence to be considered in reaching a verdict.* Finally, the jury was allowed to compare the transcripts to the tape recordings and to hear the arguments of counsel on the content and meaning of the conversations. Thus, the district court did not abuse its discretion.

*Id*. (emphasis added). Thus, Petitioner's reference to *Chen* would not have alerted the state appellate court that he intended to assert a federal claim.

For the reasons already well-detailed in the Magistrate Judge's *Report and Recommendation*, this Court likewise concludes that Petitioner's claims of prosecutorial misconduct and the denial of the effective assistance of counsel do not provide him relief. Further, the record does not reflect that an evidentiary hearing is not required to resolve any of Petitioner's claims.

Petitioner's *Objection* (ECF No. 25) is **OVERRULED**. The *Report and Recommendation* (ECF No. 18) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**. Petitioner's request for an evidentiary hearing is **DENIED**.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, –––U.S. –––. –––, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28

4

U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

The Court is not persuaded that reasonable jurists would debate the dismissal of Petitioner's claims as waived and without merit. The Court therefore **DECLINES** to issue a certificate of appealability.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED.**

The Clerk is **DIRECTED** to enter final **JUDGMENT**.

**IT IS SO ORDERED.**

Date: September 5, 2018                                s/James L. Graham
                                                                           JAMES L. GRAHAM
                                                                           United States District Judge